UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID GAMBOA                                      CIVIL ACTION

VERSUS                                             NO. 23-5843

OCCIDENTAL FIRE & CASUALTY                         SECTION M (1)
COMPANY OF NORTH CAROLINA

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff David Gamboa.[1] Defendant Occidental Fire & Casualty Company of North Carolina ("Occidental") responds in opposition,[2] and plaintiff replies in further support of his motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Occidental has failed to meet its burden of proving that the Court has federal subject-matter jurisdiction over this case.

**I.     BACKGROUND**

This case arises from an insurance coverage dispute following Hurricane Ida, which made landfall on August 29, 2021. Gamboa alleges that his home in Marrero, Louisiana, was damaged during the storm and that it was covered by a homeowners insurance policy issued by Occidental.[4] He asserts that he made a claim with Occidental and that it has failed to timely and adequately tender payment under the policy.[5] Gamboa filed suit against Occidental on August 18, 2023, in the 24th Judicial District Court for the Parish of Jefferson, bringing claims for breach of contract and bad faith, and seeking coverage for the damage to his property as well as attorney's fees.[6]

---

[1] R. Doc. 12.
[2] R. Doc. 15.
[3] R. Doc. 16.
[4] R. Doc. 1-1 at 4-5.
[5] *Id.*
[6] *Id.* at 4-6.

1

On October 5, 2023, Occidental removed the case, asserting that this Court has diversity subject-matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332.[7] In support of removal, Occidental points to the damage coverages afforded by the policy – $190,000 for dwelling, $19,000 for other structures, $66,500 for personal property, and $38,000 for loss of use – to establish that the amount-in-controversy requirement is met.[8] Occidental then filed a motion to dismiss for Gamboa's failure to state a claim upon which relief may be granted.[9] Before the Court could consider the motion to dismiss, Gamboa filed the instant motion to remand.[10]

## II.  PENDING MOTION

In his motion to remand, Gamboa concedes that the parties are completely diverse and that Occidental has met the procedural requirements for removal.[11] He argues, however, that Occidental has failed to carry its burden of showing that the amount in controversy exceeds $75,000, as required by § 1332.[12] Gamboa contends that the only evidence Occidental presents to show the requisite amount in controversy is the policy's coverage limits and they are irrelevant.[13] Instead, Gamboa offers the damage estimate he sent to Occidental before filing suit indicating that his estimated loss is $34,387.43 – which, after crediting the $3,800 deductible and Occidental's prior payment of $6,299.42, results in a current amount due of only $24,288.01.[14]

---

[7] R. Doc. 1. There is no issue concerning the timeliness of the removal, which occurred within 30 days of service of the suit on Occidental on September 5, 2023. *Id.* at 2.
[8] *Id.* at 3-4.
[9] R. Doc. 9.
[10] *See* R. Doc. 12.
[11] R. Doc. 12-1 at 2 n.5.
[12] *Id.* at 2-3.
[13] *Id.* at 3.
[14] *Id.*

In opposition, Occidental highlights the various categories of damages sought in the complaint – none of which is quantified – and again cites to the limits of the coverages afforded under the policy to argue that the amount-in-controversy requirement is "clearly satisfied."[15]

In reply, Gamboa argues that the listing of categories of damages, without more, is insufficient to prove that the amount in controversy exceeds $75,000.[16] He also reiterates that the value of the underlying claim, not the face amount of the policy, is the most relevant evidence of the amount in controversy.[17]

## III.  LAW & ANALYSIS

### A. Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723. When a state court petition does not assert the amount of monetary damages, the defendant must prove that the amount in controversy exceeds $75,000 by a

---

[15] R. Doc. 15 at 5.
[16] R. Doc. 16 at 2.
[17] *Id.* at 3.

3

preponderance of the evidence. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). This can be accomplished "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that supports a finding of the requisite amount.'" *Id.* (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

**B. Occidental Has Failed to Carry Its Burden of Showing That the Amount in Controversy Likely Exceeds $75,000**

As the removing defendant, Occidental bears the burden of showing that the amount-in-controversy requirement is satisfied. *See Simon*, 193 F.3d at 850. However, the only evidence put forward by Occidental of the amount in controversy are the general categories of damages stated in the complaint and the policy limits – neither of which satisfies its burden. *See, e.g.*, *Welch v. Occidental Fire & Cas. Co.*, 2023 WL 8271613, at *5 (E.D. La. Nov. 30, 2023); *Warner v. USAA Ins. Agency, Inc.*, 2023 WL 6542755, at *1 (M.D. La. Oct. 6, 2023).

First, the general categories of damages listed in the complaint are insufficient to prove that the amount in controversy exceeds $75,000. "It is well-settled in this Circuit that pleading general categories of damages, … without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test." *Butler v. Progressive Sec. Ins. Co.*, 2021 WL 1961666, at *6 (E.D. La. May 17, 2021) (citing *Dunomes v. Trinity Marine Prods., Inc.*, 2014 WL 7240158, at *3-4 (E.D. La. Dec. 19, 2014) (collecting cases)); *see Warner, Inc.*, 2023 WL 6542755, at *1 ("Plaintiff's general allegations in the Petition of 'massive damage,' and demands for general categories of damages (*e.g.*, breach of contract, bad faith, and negligent misrepresentation) are insufficient to establish the amount in controversy."). Here, the complaint states claims for breach of contract, breach of the duty of good faith and fair dealing, bad-faith

4

claims adjusting, and negligent claims adjusting.[18] The complaint further states that Gamboa is seeking to recover compensation for his property damage, loss of contents, loss of use of the insured property, additional living expenses, diminution in the value of the property, temporary repair and remediation expenses, permanent repair and remediation expenses, attorney's fees, and litigation costs.[19] But Occidental has not provided any evidence indicating the amount of these damages.

Second, the policy limits are irrelevant for purposes of satisfying the amount-in-controversy requirement in this case. "When a plaintiff seeks to recover under an insurance policy, the amount in controversy is governed by the value of the claim, not the value of the underlying policy, unless the value of the claim exceeds the value of the policy." *Haydel v. Ocean Harbor Cas. Ins. Co.*, 2023 WL 3552231, at *3 (E.D. La. May 18, 2023) (citing *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002), and *Mercier v. Allstate Ins. Co.*, at *2 (E.D. La. Jan. 17, 2007)). The complaint is silent as to the value of Gamboa's claims, but he has produced a pre-suit damage estimate totaling $34,387.43, which is further reduced to $24,288.01 after deducting Gamboa's deductible and the amount already paid by Occidental. Occidental has not produced any evidence contradicting this damage estimate or in any way showing that the value of his claims exceeds $75,000. Because Occidental has not shown that the value of the claims exceeds the value of the policy coverages ($313,500 in total), the value of the claims governs the amount in controversy. And, because Occidental has not shown that the value of the claims exceeds $75,000, Occidental has failed to meet its burden.[20] *See Welch*, 2023 WL 8271613, at *5

---

[18] R. Doc. 1-1 at 6.
[19] *Id.*
[20] Occidental also points to Gamboa's "refus[al] to stipulate that the damages are under $75,000 despite a request to do so." R. Doc. 15 at 5. In *Welch*, another section of this court held that "a plaintiff's failure to stipulate that his damages do not exceed $75,000 does not relieve a defendant of its burden to produce information that the amount in controversy exceeds $75,000." 2023 WL 8271613, at *5. As the court explained, "'[m]ere silence or

("[T]he mere fact that a plaintiff's policy limits exceed the jurisdictional amount, without a claim that the plaintiff is entitled to their policy limits or that the plaintiff's property was totally destroyed, is not sufficient to satisfy a removing defendant's burden to set forth facts in controversy to support a finding by this Court that the plaintiff's claim exceeds $75,000.").[21]

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiff's motion to remand (R. Doc. 12) is GRANTED, and this matter is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

IT IS FURTHER ORDERED that defendant's motion to dismiss (R. Doc. 9) is DENIED as MOOT.

New Orleans, Louisiana, this 11th day of January, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

inaction by the plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy the defendant's burden.'" *Id.* (quoting *Hopkins v. Crown Assocs., LLC*, 2018 WL 8496020, at *6 (M.D. La. Oct. 25, 2018)).

[21] Occidental seeks to file a surreply, R. Doc. 18, but it fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. "[I]n seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief." *Weems v. Hodnett*, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011). Accordingly, Occidental's motion for leave to file a surreply is DENIED. Regardless, Occidental fails to submit with its proposed surreply any additional evidence of the amount in controversy so consideration of the surreply would not alter the outcome here.